GEORGE W. HUNLEY v. J. MELVIN ADAMS *et al.*

No. 15,388. (96 Pac. 798.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Contradictory Statements in Record of a Judgment and Case-made.* Where the record of a judgment of a district court differs in its recitals from the recitals made in a case-made which is certified by the judge of the court for the purpose of an appeal to the supreme court, and the matter is thereafter brought to the attention of the trial court on a motion to correct the judgment, and that court upon the hearing of such motion refuses the same and reaffirms the correctness of the judgment, *held,* that the record of the judgment conclusively prevails as to the matter in question.

Error from Rush district court; CHARLES E. LOBDELL, judge. Opinion filed July 3, 1908. Affirmed.

*Benson & Harris,* and *J. G. Johnson,* for plaintiff in error.

*H. L. Anderson,* and *Smyth & Helm,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: On May 2, 1899, Adams recovered a final judgment against Hunley for $1555. On February 15, 1900, a portion of the judgment remaining unpaid, execution was issued thereon and returned unsatisfied. On September 25, 1905, notice of a motion

to revive the judgment, made by Adams, and by Baker as assignee of Adams, for the benefit of his creditors, was served upon Hunley. On February 6, 1906, the motion was heard in the district court of Rush county, in connection with a motion by Hunley to strike the notice and motion of Adams from the files for the reason that "there is no action or judgment of an action in this court of the title stated in said motion and notice." The ground for the objection was that Hunley's wife had been a joint defendant with him in the action, but it appears that no judgment was rendered against her. Another objection was on the ground that there was no evidence offered by Adams or Baker that Baker was the assignee of Adams for the benefit of his creditors. Hunley, however, had no interest in the ownership of the judgment other than that he might not twice become responsible therefor. The judgment creditor and his alleged assignees both being in court, and asking for the revivor of the judgment, was ample protection in this respect to Hunley. In short, no sufficient cause was shown why the revivor should not have been made, and it should have been immediately ordered. (Civ. Code, § 428.)

It appears from the journal entry of the court that the order of revivor was made on the date of the hearing, February 6, 1906, and that time was given within which to make and serve a case-made for appeal to the supreme court, which was done in due time. The case-made, which was duly certified by the judge of the trial court and filed in this court, recited:

"No other or different order of judgment was ever made or entered upon said motion to revive, and the same were made, filed and entered on the 19th day of May, 1906, and not before."

On the case being heard in this court, and the conflict in the statements being called to the attention of the court, the action here was continued for the purpose of having the judgment of the court below cor-

27—78 KAN.

rected, if erroneous. Thereafter action was taken in the matter in the district court of Rush county, the record of which, omitting the title and the certificate of the judge and clerk, is as follows:

"On this 7th day of February, 1908, the attention of the court is called to the order of the supreme court heretofore made in cause No. 15,388 in that court, wherein George W. Hunley is plaintiff in error, and J. Melvin Adams *et al.* are defendants in error; and pursuant to the suggestion of said order the court finds and declares the fact to be that the journal entry of revivor entered of record by the clerk of the district court of Rush county is in every respect a correct record, and that any statement at variance with, or in contradiction of, such journal entry in the case-made of said George W. Hunley, plaintiff in error, was and is an inadvertence and should have been by the judge of this court stricken from such case-made before settling and signing the same. This conclusion is founded upon facts as follow, to wit: On January 6, 1906, in open court in Rush county, this matter came on for hearing upon the motion of J. Melvin Adams to revive the judgment in question; the court intimated to counsel a desire to take under advisement certain questions involved in its determination, and it was thereupon in open court agreed between the plaintiff, and defendant, who was present in person and by counsel, that such motion should be by the court taken under advisement and his conclusion, when reached, reduced to judgment as of that day."

We think this is conclusive against the plaintiff in error. Even if the proceeding was irregular in the court, it must be conceded that either the court or the judge of the court could, upon the consent of the plaintiff in error, revive the action; and the agreement recited in open court, if it contemplated taking the case under advisement until after the 15th day of February, 1906, amounted to an agreement that the judgment might thereafter be revived if it were found that the objections raised were not sufficient at the time they were made. However, the court is superior authority

to the judge of the court, and we think the record of February 6, 1906, construed with the record of February 7, 1908, must stand.

The judgment is affirmed.

BENSON, J., not sitting.